IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KARINA GOEHRING NEFF,**  )<br>    Plaintiff                )<br>                             )<br>vs.                          )<br>                             )<br>**RBS HOLDINGS, LLC and JOHN** )<br>**COLLENETTE,**              )<br>    Defendants.              ) | C.A. No. 1:24-CV-142<br><br>RE: ECF No. 23 |

**MEMORANDUM OPINION**

U.S. D.J. Susan Paradise Baxter

Before the Court is Plaintiff's Motion to Strike Defendants' Amended Answer and New Matter and for Partial Judgment on the Pleadings, filed at ECF No. 23. For the reasons set forth below, both motions will be denied.

**I.      Factual and Procedural Background**

This case involves allegations of ongoing sexual harassment against Plaintiff, which occurred between July 2022 and February 2024, during her employment as a shipping coordinator at RBS Holdings LLC. ECF No. 1 at 15-22. The Plaintiff claims that she was sexually harassed by a coworker on multiple occasions, and that the harassment persisted without appropriate action, despite her reports to upper management. *Id.* at 24-31, 40-78. As a result, she claims to have suffered from physical ailments, and ultimately was compelled to resign. *Id.* at 32-39, 58.

On May 29, 2024, Plaintiff filed a Complaint. ECF No. 1. Defendants filed their initial Answer on June 25, 2024, which contained various errors and failed to address Count V of the

1

Complaint. ECF No. 9. On July 29, 2024, the parties submitted their Rule 26(f) Report proposing an August 30, 2024, deadline for amending pleadings. ECF No. 15. An Amended Answer was filed on August 15, 2024, correcting the clerical errors and addressing Count V of the Complaint. ECF No. 19. An inspection of the documents reveals that a numeration error in the initial Answer may have shifted the responses, impacting all the later intended responses. *Compare*, ECF No. 9 at 54-102 *and* EFC No. 19 at 54-110.

A Case Management Conference was also held on August 15, 2024, resulting in a Case Management Order on August 16, 2024, adopting the August 30th amendment deadline. ECF Nos. 20, 21. Immediately thereafter, Plaintiff filed its motion for Partial Judgment on the Pleadings and to Strike Defendants' Amended Answer and New Matter. ECF No. 23. Defendants then filed a brief in opposition. ECF No. 25.

**II. Legal Standards**

The Federal Rules of Civil Procedure provide: "[a] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A plain reading of the rule reveals two alternatives for amending pleadings when applicable: the opposing party's "written consent" or "the court's leave." *Id.*

Rule 12(f) "permits the court, on its own motion, or on the timely motion of a party, to order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Adams v. Cnty. of Erie, Pa*., 2009 WL 4016636 at *1 (W.D.Pa. Nov. 19, 2009) (quoting Fed. R. Civ. P. 12(f)). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial

matters." *Natale v. Winthrop Resources Corp*., 2008 WL 2758238 at *14 (E.D.Pa. July 9, 2008) (internal citations omitted)).

Although courts possess "considerable discretion in disposing of a motion to strike under Rule 12(f), 'such motions are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case.'" *Thornton v. UL Enterprises*, *LLC.,* 2010 WL 1005021 at *2 (W.D.Pa. March 16, 2010)(internal citations omitted). "Striking some or all of a pleading is therefore considered a drastic remedy to be resorted to only when required for the purposes of justice." *Id*. (quoting *DeLa Cruz v. Piccari Press*, 521 F.Supp.2d 424, 428 (E.D.Pa. 2007) (internal citations omitted)).

Rule 12(c) of the Federal Civil Rules provides that "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The pleadings are closed after an answer is filed…." *Isaac's Deli, Inc. v. State Auto Prop. & Cas. Ins. Co.*, 539 F. Supp. 3d 424, 428 (E.D. Pa. 2021)(internal citations omitted.). *But See,* Fed. R. Civ. P. 7(a) advisory committee's note to 1937 amendment (deferring to Fed. R. Civ. P. 15 regarding the amendment of pleadings as included in pleadings generally).

Fed. R. Civ. P. 15(a)(2) governs amended pleadings and applies only after the scheduling order deadline. *See*, *Graham v. Progressive Direct Ins.* Co., 271 F.R.D. 112, 118 (W.D. Pa. 2010)(discussing the "tension" between rule 16(b)(4) and 15(a)(2) and finding that it is appropriate to first analyze such a dispute under Rule 16 after the scheduling order period has elapsed.) The pleadings therefore closed on August 30, 2024. If a motion for judgment on the pleadings is filed prior to the close of pleadings, the motion is premature. *Drennen v. Cmty. Bank of N. Virginia*, 2009 WL 440960, at *2 (W.D. Pa. Feb. 23, 2009).

To the extent that the Plaintiff's Motion for Judgment on the Pleadings was contingent on the Amended Answer, a motion for judgment on the pleadings should be granted if the movant establishes that "there are no material issues of fact, and he is entitled to judgment as a matter of law." *Zimmerman v. Corbett,* 873 F.3d 414, 417 (3d Cir. 2017)(citing *Sikirica v. Nationwide Ins. Co*., 416 F.3d 214, 220 (3d Cir. 2005). In considering a motion for judgment on the pleadings, a court must accept all of the allegations in the pleadings of the party against whom the motion is addressed as true and draw all reasonable inferences in favor of the non-moving party. *Id.* (internal citations omitted).

### III. Discussion

Here, the Defendants did not request the Courts leave to amend the answer presumably because written consent was already obtained from the opposing party, and their Amended Answer was filed prior to the close of pleadings. The parties agreed to a deadline of August 30, 2024, to amend pleadings when they jointly filed a signed Rule 26(f) Report proposing that date. *Id.*; *See also,* Fed. R. Civ. P. 11(b)(discussing representations made to the Court.). This Court, based on the jointly proposed amendment deadline, also issued a Case Management Order, pursuant to Fed. R. Civ. P. 16(b)(1)(A), which adopted the August 30, 2024, date for amendments. ECF No. 21. Therefore, to the extent that Fed. R. Civ. P. 15(a)(2) is applicable, written consent was obtained by the Defendants, and the Court's leave was not required for them to file an amended pleading until after August 30, 2024. After that date, this Court could consider a violation of the scheduling order under Fed. R. Civ. P. 16(b)(4) and then decide whether leave is appropriate under Fed. R. Civ. P. 15(a)(2) if required. *Graham*, 271 F.R.D. 112

at 118. Pleadings closed on August 30, 2024, and the Defendants' August 15, 2024, filing of the Amended Answer was timely.

## Motion to Strike

This Court now considers Plaintiff's Motion to Strike Defendants' Amended Answer. Here, if the Plaintiff succeeds in striking the Defendants' Amended Answer, the Court would be left with the severe consequence of potentially entering a default judgment on many issues in dispute in the Amended Complaint, due to the nature of the error in the Answer. A comparison of the Answer, and Amended Answer, illuminates the fact that a numeration error may have shifted the Answer responses, and may have impacted the intended responses of the Defendants. *See*, ECF No. 9 at 54; ECF No. 19 at 54. Furthermore, the Amended Answer introduces no frivolous or immaterial defenses, and its purpose appears to be the resolution of mistakes in furtherance of a merit-based resolution to the matter.

This Court finds that striking the Amended Answer and New Matter would undermine the strong interest the Court has in resolving disputes on the merits. *See e.g.*, *Grabenstein v. A.O. Smith Corp.*, 2012 WL 2849386, at *1 (E.D. Pa. Apr. 2, 2012)(citing *Khadka v. Rajamani*, 2009 WL 910849, at *2 (E.D.Va. Apr.1, 2009)("[T]he Answer was only one day late and its tardiness did not prejudice [the plaintiff] in the least. Moreover, granting the motion to strike would allow the plaintiff to avoid resolving his case on the merits. The Court will not sanction such an outcome."). Furthermore, Plaintiff has failed to demonstrate what prejudice or undue delay, if any, she has suffered as a result of Defendants' filing. On the contrary, the Rule 26(f) Report submitted by both parties indicates that the Plaintiff anticipated that pleadings could be amended until August 30, 2024, and would not experience any prejudice or delay by an Amended Answer

5

filed before that date. For these reasons, the Court finds that any prejudicial effect on Plaintiff does not outweigh the significant interest the Court has in deciding the case on the merits.

Motion for Judgment on the Pleadings

Plaintiff moves this court for a judgment on the pleadings as to Count V based on the theory that Defendants failed to adequately respond to the allegations set forth in the Complaint in their initial answer. ECF No. 23 at 5-8. Defendants were entitled to amend the Answer until August 30, 2024, at which point pleadings would close, pursuant to the agreed upon scheduling order. Prior to this court analyzing the merits of this motion, pleadings must have closed. *See,* Fed.R.Civ.P. 12(c)("After pleadings have closed….") Accordingly, although Defendants have failed to object on this basis, this motion for judgment on the pleadings is premature. *See e.g.*, *Drennen,* 2009 WL 440960, at *2 (finding that the plaintiff's motion for judgment on the pleadings was premature and denying the motion).

Furthermore, to the extent that Plaintiff's motion is based on the Amended Answer, Defendants denied all of the averments set forth in the Complaint at Count V. ECF No. 25 at 104-110. After drawing all reasonable inferences in favor of the non-moving party, this Court finds that material facts are in dispute related to Count V.

**Conclusion**

For the aforementioned reasons, Plaintiff's Motion to Strike Defendants' Amended Answer, and Plaintiff's Motion for Partial Judgment on the Pleadings will be denied.

An appropriate Order follows this Memorandum Opinion.